```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JONATHAN ROSENBERG,                          Civil Action No.

                         Plaintiff,
           -against-                         COMPLAINT

IDALIA CRUZ a/k/a IDALIA CRUZ-DELVALLE,

                         Defendant.
------------------------------------x
```

Plaintiff, by his attorneys, Suslovich & Klein LLP, alleges for his complaint the following:

### NATURE OF THE ACTION

1. This action is for specific performance or, in the alternative, for damages in connection with the breach by the Defendant of a contract for the sale by the Defendant to the Plaintiff of real property owned by the Defendant located at 483 Willis Avenue, Bronx, New York 10455.

### PARTIES

2. The Plaintiff, Jonathan Rosenberg, resides at

269 Bry Avenue, Howell, New Jersey 07731.

3. Upon information and belief, Defendant, Idalia Cruz (a/k/a Idalia Cruz-Delvalle), resides at 105 Wallace Avenue, Mount Vernon, New York 10552.

### JURISDICTION AND VENUE

4. This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship, pursuant to 28 U.S.C. §1332.

5. Venue is deemed proper in this district, pursuant to 28 U.S.C. §1391, because a substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the property which is the subject of this dispute is located in the district of this Court.

## FIRST CLAIM

6. Upon information and belief, Defendant, Idalia Cruz, is the owner of an apartment building known by the street address of 483 Willis Avenue, Bronx, New York, 10455 which property is designated on the tax map of the City of New York, County of Bronx, as Block: 2307, Lot: 45 (hereinafter referred to as the "Property").

7. On August 29, 2018, Defendant, Idalia Cruz, as seller (hereinafter sometimes referred to as the "Seller"), and Plaintiff, Jonathan Rosenberg, as purchaser (hereinafter sometimes referred to as the "Purchaser") entered into a contract for the sale of the Property by the Seller to the Purchaser.

8. The contract price was $1,800,000.00.

9. At or prior to signing the contract of sale, the Purchaser paid the sum of $146,150.00 as a down payment on account of the purchase price.

10. In accordance with the instructions of the Seller, the down payment was paid directly to the New York

- 3 -

City Department of Finance to satisfy an outstanding tax lien on the Property.

11. The contract of sale provides that closing will take place within sixty days from the date of the contract of sale.

12. Subsequently, the Seller notified the Purchaser that she will not be closing on the Property.

13. Further, the Seller's real estate attorney, Andrew Romano, Esq., notified the Purchaser's attorney, Abraham Raab, Esq., by email on September 14, 2018 that "my client does not want to enter into any agreement with your client and will return the money within 60 days."

14. The Seller has not returned any part of the down payment.

15. The Defendant's actions constitutes a repudiation and an anticipatory breach of the contract of sale.

16. The Purchaser has the funds necessary to purchase the Property and was and still is ready, willing, and

able to do so.

  17. By reason of the above, the Plaintiff is entitled to an order directing that the Seller specifically perform and convey title to the Plaintiff in accordance with the terms of the contract of sale.

### SECOND CLAIM

  18. Plaintiff repeats and re-alleges each and every allegation of the prior paragraphs of this complaint with the same force and effect as if more fully set forth herein at length.

  19. The Plaintiff is entitled to a judgment declaring that the Seller is bound by the contract of sale and is obligated to convey the Property to the Plaintiff in accordance with the terms of the contract of sale.

### THIRD CLAIM IN THE ALTERNATIVE

  20. The Plaintiff repeats and re-alleges each and

every allegation of the prior paragraphs of this complaint with the same force and effect as if more fully set forth herein at length.

21. Upon information and belief, the fair market value of the Property at the time of the breach was substantially greater than the contracted purchase price of $1,800,000.00.

22. By reason of the Seller's repudiation and breach of the contract of sale, in the alternative, if the Plaintiff is not granted specific performance, the Plaintiff is entitled to a judgment against the Seller for the difference between the contract price of $1,800,000.00 and the fair market value of the Property at the time of breach, which amount is not yet known but is believed to exceed $75,000.00.

### FOURTH CLAIM IN THE ALTERNATIVE

23. The Plaintiff repeats and re-alleges each and every allegation of the prior paragraphs of this complaint with the same force and effect as if more fully set forth

herein at length.

24.  By reason of the above, in the alternative, if the Plaintiff is not granted specific performance, the Plaintiff is entitled to the return of the down payment of $146,150.00 made by the Purchaser in connection with the contract of sale.

25.  By reason of the above, the Plaintiff has a vendee's lien upon the Property in the amount of $146,150.00, plus interest.

> **WHEREFORE**, the Plaintiff requests judgment:
>
> (i) on the first claim, an order directing the Defendant, Idalia Cruz, to specifically perform her obligations under the contract of sale and to convey title to the Property located at 483 Willis Avenue, Bronx, New York, 10455 which property is designated on the tax map of the City of New York, County of Bronx, as Block: 2307, Lot: 45, to the Plaintiff;
>
> (ii) on the second claim, a judgment declaring that the Defendant is bound by the contract of sale and is obligated to comply with her obligations under the contract of sale and is obligated to convey the Property to the Plaintiff in accordance with the terms of the contract of sale;
>
> (iii) on the third claim, in the alternative, a judgment against Defendant, Idalia Cruz, in

                an amount to be determined at trial being the difference between the contract price of $1,800,000.00 and the fair market value of the Property at the time of breach;

(iv)    on the fourth claim, in the alternative, a judgment against Defendant, Idalia Cruz, in the sum of $146,150.00, plus interest, and that the Plaintiff be adjudged to have a lien against the Property in said amount, and that the Property be sold to satisfy the lien for the sums due to the Plaintiff, and if the proceeds of the sale are insufficient to satisfy the Plaintiff's lien in full, that the Plaintiff have judgment against Defendant, Idalia Cruz, for any deficiencies; and

(v)    for such other and further relief as this Court deems just, proper, and equitable.

Dated:   September 18, 2018

                                  SUSLOVICH & KLEIN LLP
                                  Attorneys for Plaintiff,
                                  Jonathan Rosenberg
                                  1507 Avenue M
                                  Brooklyn, NY  11230
                                  Phone: (718) 382-5700
                                  Email: Mark@suslovichklein.com

                                  By: _____
                                      Mark M. Kranz (MK 7739)